STERNS AND ANOTHER, *assignees of* JOHN KEESE, AND OLIVER KEESE AND ANOTHER, *assignees of* STAFFORD, *against* PATTERSON AND OTHERS.

In an action of *assumpsit* for goods sold and delivered, the defendant pleaded that the goods were exported from the *United States,* during the war with *Great Britain* into *Lower Canada,* and there sold and delivered to the defendant; the plaintiff replied that they were exported from the *United States* before the commencement of the war. The defendant rejoined that they were exported in violation of acts of congress laying an embargo and prohibiting exportation: it was held that the rejoinder departed from the plea. Departure is fatal on general demurrer.

THIS was an action of *assumpsit.* The declaration contained six counts. The first count stated, that on the 1st of *January,* 1813, at *Quebec,* to wit, at *Plattsburg,* in the county of *Clinton,* the defendants were indebted to the insolvents for divers quantities of timber, spars, plank, and boards, sold and delivered to them by the insolvents. The second count was on a *quantum meruit* for the same, and the third count for goods sold and delivered generally: then followed other common counts in *assumpsit.*

The defendants pleaded three pleas, of which it is only necessary to notice the second, which was in answer to the three first counts of the declaration, and stated, that at the time the timber, &c., mentioned in the declaration, was alleged to have been sold and delivered, a public war existed between *Great Britain* and the *United States,* that the insolvents were citizens of the *United States,* residing in the county of *Clinton,* and the defendants were subjects of the king of *Great Britain,* residing in the province of *Lower Canada,* and that the said timber, &c.,

were sold and delivered to the defendants at the city of *Quebec*, in the province of *Lower Canada*, the insolvents not having any license from the government of the *United States*, and contrary to the laws of the land and their allegiance.

The plaintiffs replied, that before the declaration or commencement of the war between *Great Britain* and the *United States*, to wit, on the 1st of *June*, 1812, the insolvents, by the permission of the government of *Great Britain*, and of the province of *Lower Canada*, exported the said timber, &c., from the *United States* into the province of *Lower Canada*, and remained and continued with the same in the said province, by the permission of the government of the province, and until and after the commencement of the war, and until and after the sale and delivery.

The defendants rejoined that the time of exporting the said goods from the *United States* was during the continuance of the act of congress, entitled " An act laying an embargo on all ships and vessels in the ports and harbours of the *United States*, for a limited time," to wit, on the said first of *June*, 1812, and that the insolvents, with intent to evade, and contrary to the provisions of the act of congress, entitled " An act to prohibit the exportation of specie, goods, wares, and merchandise, for a limited time," exported the said timber, &c., from the *United States* by water; by reason whereof, and by force of the statute of the *United States* in such case made and provided, they were forfeited to the use of the *United States*, and remained so forfeited at the time of the sale and delivery.

To this rejoinder there was a general demurrer, and joinder in demurrer.

The cause was submitted to the court without argument.

Spencer, J., delivered the opinion of the court. The plaintiff has demurred generally to the defendant's rejoinder to his replication to the second plea; and the questions are, whether the rejoinder is a departure from the plea; and if it be, whether, on a general demurrer, the objection is fatal? There can be no doubt that the matters of defence set up in the plea, and the rejoinder are altogether distinct and variant. The plea sets up an unlawful trading with the enemy, *flagrante bello*, by the persons whom the plaintiffs represent, and who were citizens of the *United States*, and that the contract which the plaintiffs attempt

ALBANY,
January, 1817.

to enforce originated in an act of treason. The rejoinder sets up a violation of the non-intercourse law as a ground of defence.

The statute concerning amendments and jeofails, (1 *N. R. L.* 120.) requires the judges, on demurrer, to give judgment, as the right of the cause shall appear, without regarding want of form, not specially shown as cause of demurrer; and the question is, whether a departure in pleading is matter of form or substance. It is said, in *Comyn*, (*tit. Pleader*, F. 10.,) that before the statute of 4th and 5th *Ann.* 16., of which our act is a transcript, that departure was fatal on general demurrer; but that since the statute, there ought to be a special demurrer, for, notwithstanding such departure, the whole matter appears, whereon the court may give judgment. Mr. *Williams*, in his 3d note to 1 *Saund.* 127., states the same doctrine; but in a note in 2 *Saund.* 84. (*d.*) he corrects himself, and says, that a departure in pleading seems to be matter of substance, and bad upon a general demurrer, and retracts what he had before said to the contrary. The cases he refers to in support of the position that departure is matter of substance, fully warrant that position. (2 *Wil.* 96. 1. *Wils.* 122. 4 *Term Rep.* 504. *Willes' Rep.* 638. 25. 27.)

Judgment for the plaintiff.(*a*)

(*a*) *Vide* 1 *Chitty on Plead..*623. and n. (e.) *Munro* v. *Allaire*, 2 *Caines' Rep.* 320. 329. *Spencer* v. *Southwick*, 10 *Johns. Rep.* 259.