*546 Curia, per
Frost, J.
The defendant’s motion in arrest of judgment derives no support from the first, second, fourth and fifth pleas, and the issues thereon, and in determining that motion, they may be dismissed from consideration. It is affirmed that the covenant of the plaintiffs to finish the buildings, constitutes a condition precedent, the performance of which is not sufficiently averred in the declaration, and that the defect in the declaration is not aided by the subsequent pleadings, so as to entitle the plaintiffs to enter judgment on the verdict rendered. Admitting, for the argument, that the covenant of the plaintiffs is a condition precedent, as maintained by the defendant, and that performance, or excuse for non-performance, must be avered and proved, to entitle them to recover the price agreed to be paid by the defendant, it is to be considered w'hether, on the record, such performance or excuse is not sufficiently put in issue. The declaration sets out the deed, and avers that the plaintiffs had performed all things on their part to be performed, according to the tenor and effect of the indenture. The third plea denies that the plaintiffs had finished the buildings and out-buildings according to the form and effect of the indenture. The replication to the third plea avers that the plaintiffs did offer and attempt to finish the said buildings and out-buildings according to the effect of the indenture, and did finish them so far as they were permitted by defendant; and being so hindered from completing all the specifications, some small and unimportant parts may have remained unfinished by such hindrance. The rejoinder avers that the plaintiffs, in their own wrong, and without being hindered by the defendant, did not, and would not, finish the buildings and out-buildings ; and issue was joined. The averment of performance in the declaration seems to be sufficient.
In Wright vs. Tattle, 4 Day’s Con. Rep. 316, by the whole court it Was ruled that a general averment of performance is not only sufficient, but is most proper. In the three first precedents of declaration in covenant, 2 Chit. Pl. 517, performance is averred, as in the plaintiffs’s declaration. The third precedent exactly corresponds with this, in the very form and terms of the averment. Indeed, it is not possible to conceive how performance can be more *547 effectually averred, than by setting out the deed literally, and affirming performance according to the intent and meaning of it, If, in this respect, the declaration is imperfect, the defendant might and should have demurred, “The omission of the averment of performance of a condition precedent, or of an excuse for non-performance, is fatal on demurrer,” 1 Chit. Pl. 360. But the defendant might waive the demurrer, as he has done, and plead that the defendant did not perform; when the plaintiffs replied, that they had performed in part, and excused the performance of the rest of their covenant, this was a departure, and defendant might have demurred again. “A departure in pleading is said to be, when a party quits or departs from the case or defence which he has first made, and has recourse to another, It occurs when the replication contains matter not pursuant to the declaration, and which does not support and fortify it,” 1 Chit. Pl. 681. It may be either in the substance of the action, or the law on which it is founded, p. 682. “As if in debt on bond, conditioned for performance of covenants, the defendant plead performance, the plaintiff' reply, and assign a breach, the defendant cannot rejoin matter in excuse of performance.” 1 Chit, PI. 683. The rule which applies to the defendant in debt on bond for the performance of covenants, applies to the plaintiff in an action of covenant.
The plaintiffs’s replication is clearly a departure front the declaration. The fourth ground for arrest of judgment affirms it to be so. Here was a fatal error. 1 Chit. PI. 686. “The mode of taking advantage of a departure is, by demurrer, general or special.” In Sterns vs. Patterson, 14 John. Rep. 132, it was decided that a departure was fatal on a general demurrer. The defendant might waive the demurrer again, as he has done, and take issue on the replication that the plaintiffs had performed their covenant, except in some immaterial particulai's, in which they were prevented by the defendant. The record then presents a complete, substantial, materiál issue, which does truly present the points in dispute between the parties, and supplies, in fact, the alleged imperfection of the declaration, in not setting out performance of part, and an excuse for not performing the rest of his covenant to finish the builc! *548 ings. But it is insisted by the defendant, that a replication cannot supply the defects of the declaration, and that judgment must be arrested. 1 Chit. PI. 686. “The only mode of taking advantage of a departure is, by demurrer, which may be either general or special, and if the defendant or plaintiff, instead of demurring, take issue on the replication, and it be found against him, the court will not arrest the judgment.” Richards vs. Hodges, 2 Saund. Rep. 83, w7as an action of debt on bond for performance of covenants. Defendant pleaded non-damnificatus generally, and plaintiff replied, and shewed how damnified ; and defendant replied, that plaintiff was damnified of his own wrong; plaintiff demurred, and had judgment, “because,” by the judgment of the court, “the rejoinder was a departure from the first plea in bar; for the defendant in his plea says, the parishioners were not damnified, and when the plaintiffs, by their replication, shew how they were damnified, defendant cannot rejoin that the damnification was in their own wrong, as he has done, but ought to have pleaded it in his first plea in bar, and, therefore, it was adjudged for the plaintiffs.” Hays vs. Bryant, 1 Henry Blac. 553, wTas jikj3 Richards vs. Hodges, debt on bond by the overseers oluie poor, conditioned to indemnify against the charges for maintenance of two bastard children. Defendant pleaded non-damnificatus; plaintiffs replied, that defendant provided no necessaries for the children, which the plaintiffs were obliged to do at the expense of the. parish. Defendant rejoined, that plaintiffs had no order of the justices, and, therefore, they supplied the necessaries voluntarily, and in their own wrong, on which plaintiffs took issue, and the verdict was for the plaintiffs. A rule to shew cause why the verdict should not be set aside and non-suit ordered, was discharged. These authorities seem conclusive against the defendant’s motion in arrest of judgment. The rules of pleading have provided an apt and efficient mode of compelling a party to adhere to the case or defence made in his declaration or plea, but if the other party does not chose to enforce this check, and permits the first party to depart from the case or defence made in the declaration or plea, and takes issue on a new case or defence, which is material, and in law is sufficient to sup *549 port a verdict, it is too late to retrieve the error by motion in arrest of judgment.
But the verdict presents an insuperable objection to the defendant’s motion. 1 Chit. PI. 360. “The omission of the averment of performance of a condition precedent, or of the excuse for the non-performance, is fatal on demurrer, or in case of judgment by default; but after the verdict, the omission may, in some cases, be aided by the common law intendment, that every thing may be presumed to have been proved which was necessary to sustain the verdict.” At the end of the same paragraph it is added, “but where the non-performance of the condition precedent appears on the face of the pleading, a verdict will not aid the defect.” The only authority cited by Chitty for this exception to the rule, is the case of Worsely vs. Hood, 7 T. R. 710. That was an action to recover the loss on a policy of insurance against fire, of which it was a condition, that in case of loss, the insured, in order to claim payment, should produce the certificate of the parson of the parish to his good character and the justice of his claim. In the declaration were two counts, the first avered the production of the certificate of four respectable persons; and the second, avered no certificate at all. The omission of this averment was pleaded to both counts. The only excuse offered in the pleading for the omission to produce the certificate of the parson of the parish was, that he wrongfully refused it. After judgment for defendants, a venire de novo was suggested by the counsel for defendant. Lord Kenyon refused it, because it would avail nothing, since the certificate was not avered in the declaration, nor in any part of the proceedings. It cannot be objected that performance, or excuse for non-performance, which is said to be the condition precedent, does not appear in the pleadings in this case.
The motion for a non-suit presents little difficulty. The defendant’s attorney admitted that it was supported principally by the alleged defect in the declaration in not avering performance, and the insufficiency of the replication to supply that defect. But even if the issue were taken on the declaration, there was sufficient proof offered by the plaintiffs to submit the case to the jury. The particulars *550 in which the contract was not performed, according to the defendant’s own admission, were very trifling, and he represented to the fire loan commissioners that the contract was finished, and expressed his gratification that the contractor had performed the work so well. One of the commissioners, a highly intelligent gentleman, represented the work to have been extremely well done, and that the building is one of the best in the city. Connecting this fact with the trifling omission in tbe contract, (and that caused by an unexpected deficiency of space in the lot) and the defendant’s declaration that the contract was completed in a very satisfactory manner, the evidence ip behalf of the plaintiffs was sufficient for the jury to infer that the omissions were waived, and the contract accepted, as complete and finished, by the defendant.
The first ground taken for a new trial is, that evidence of the time when it was agreed by the parties, verbally, that the buildings should be finished, was excluded. If that evidence was offered to add an additional stipulation to the terms of the indenture, in which no time was specified for the completion of them, the effect of it would be, to add to a written contract by parol. In this view, it was properly rejected. In so far as that evidence was available to shew what was a reasonable time, by shewing the plaintiffs’s own estimate of the time necessary to complete the buildings, the presiding Judge reports that the plaintiffs’s declarations, that the buildings were to be finished by the first of November, were admitted. For this purpose only, was the evidence admissible, and it must be presumed to have had due consideration in the verdict.
The third and fourth grounds for a new trial, object to the exclusion of evidence of conjectural loss in the defendant’s business, by the delay to obtain the buildings, and for the defect of a contract to lease one of the stores. Extraordinary, remote, and contingent damages, which may be imputed to a breach of contract, are not recoverable. The indefinite nature and extent of such damages are sufficient to preclude them. In Haydon vs. Cabot, 17 Mass. R. it was decided that speculative injuries, having no.immediate connexion with the breach of contract complained *551 of, furnish no legitimate basis on which to calculate damages. In Gilpins vs. Consequa, 1 Peters. C. C. R. 86, it was held that in estimating damages for the breach of a contract, the plaintiff is not to recover what he might have made, had the contract been literally fulfilled. In Bond vs. Quattlebum, 1 McC. 584, a conjectural loss, which might be sustained by reducing the profits of a mill, were excluded from consideration in estimating damages arising from eviction of a purchase of land. The allowance of rent was the proper measure of damages for the delay in finishing the buildings, and evidence of the speculative loss from business was properly rejected.
The sixth and seventh grounds present the question whether interest can be allowed on this contract by way of damages. By the decisions of this State, wherever a party stipulates in writing to pay money on a certain day, or on the performance of any stipulation or contract, interest is allowed. Sitar & Price vs. Robinson, 2 Bailey, 374; Dorrill vs. Stephens, 4 McC. 59; Ryan vs. Baldrick 3 McC. 498. On the admitted completion and receipt of the buildings, interest would have been unquestionably allowable from the time of completion, The discount claimed by the defendantmay reduce the amount covenanted to be paid, but does not impair the claim for interest on the balance, when adjusted by the verdict of the jury.
The second ground excepts to the instruction of the Judge that the jury, notwithstanding the deficiencies in the work required by the contract, and the gross defects in what was done, might regard what was done as a substantial performance of the condition precedent, and compensate the defendant by an allowance in the shape of discount for all deficiencies and defects. The plaintiffs’s testimony shews that by the admission of the defendant, in July, 1840, the only deficiencies of which defendant complained, were the leak in the gutter, the size of the kitchen fire place, and the privy. The defendant’s witnesses only added the deficiency in the thickness of the foundation walls, and some trifling particulars. The verdict is relied on to shew that the jury abated about eleven hundred dollars from the whole contract of fifteen thousand. But there is no evidence, nor authority, to assume that this *552 abatement was altogether on account of the omissions in the contract.
The defendant claimed a discount for more than seven thousand, six hundred dollars, of which more than half was for loss of business, interest, rent, &c. &c. The verdict cannot control the proof, by which the omissions appear to have been very inconsiderable. Even if they greatly exceeded what was proved, the cases of Boone vs. Eyre, 1 H. Black, and Campbell vs. Jones, 6 T. R. 370, fully support the submission to the jury, whether the contract had been substantially performed. In the latter case the plaintiff performed only one half of w7hat he had covenanted to do, and it was deemed a substantial performance. Sergeant Williams, in the note to Saunders, 320, remarks on these and other cases commented on, “hence it appears that the reason of the decision in these, and other similar cases, besides the inequality of the damages, seems to be, that when a person has received a part of the consideration for which he entered into the agreement, it would be unjust that because he had not had the whole, he should therefore be permitted to enjoy that part without paying, or doing any thing for it. Therefore the law obliges him to perform the agreement on his part, and leaves him to his remedy, to recover any damage he may have sustained in not having received the whole consideration. The defendant has had that remedy by his discount, in this case. All the motions are dismissed.
Richardson, O’Neall, Evans and Butler, JJ. concurred.