WILSON *vs.* THE ROCHESTER AND SYRACUSE RAILROAD Co.

No action lies against a railroad company under the 39th section of the general railroad act, for an injury occasioned by its neglect to ring the bell, or sound the steam whistle, *after* the cars have passed a crossing. The statute only enjoins the ringing of the bell, or the sounding of the whistle, when the cars are *approaching* a crossing.

In an action against a railroad company, under that section of the statute, the complaint alleged that the J. and S. Plank Road on which the plaintiff was traveling, towards S. in a wagon, crossed the railroad nearly at right angles, at the junction in E.; that at about the time the plaintiff's horses were crossing the railroad track, at the junction, the defendants, without proper care and caution, and carelessly and negligently, caused their locomotive to pass rapidly over the track of the railroad, at or near the junction, near the point where the plank road intersected the railroad, without giving any signal, by ringing the bell, or sounding the steam whistle; and that the locomotive came within a few feet of striking the plaintiff's wagon, and frightened his horses, whereby he was thrown out and permanently injured. *Held*, on general demurrer, that the complaint was bad, in not averring, with sufficient certainty, that the omission to ring the bell, or sound the steam whistle, occurred while the train was *approaching* the crossing. GRIDLEY, J. dissented.

APPEAL, by the plaintiff, from a decision made at a special term, allowing a demurrer to the complaint.

*Geo. F. Comstock*, for the appellant.

*E. H. Avery*, for the respondent.

*By the Court*, GRIDLEY, J. This is a demurrer to the complaint, on the ground that it does " not set forth facts sufficient to constitute a cause of action." The action is brought for negligence of the defendant in omitting to ring the bell or sound the steam whistle when the plaintiff was crossing the railroad track with a wagon, at a place called the Junction, in the town of Elbridge, whereby he was thrown upon the rails and permanently injured. The complaint states that the Jordan and Skaneateles plank road, on which the plaintiff was traveling, towards Skaneateles, crosses the railroad in a southerly direction; and we take judicial notice that the railway from Syracuse to Auburn runs in a direction from east to west. It appeared on the argument that the defect in the complaint was that it was not averred with sufficient certainty that the omission to ring the bell or sound the steam whistle, occurred while the train was *approaching* the crossing. It is said that for aught that appears on the face of the complaint the cars had passed the crossing, and had stopped to wood and water at the station situated on the west side of it, when the plaintiff arrived at the crossing; and the cars starting about that time frightened the plaintiff's horse and caused the injury complained of. If the injury occurred in this way, it is quite clear that no action lies for the negligence set up in the complaint; for the statute only enjoins the ringing of the bell, or sounding of the whistle, when the cars are *approaching* a crossing. (*Act of* 1850, § 39. *Laws of* 1850, *p.* 232.) The question however is, whether the imputed act of negligence, though not positively averred, does not appear, by *argument and inference*, to have occurred as the cars were *approaching* the station. If it does so appear, that was a sufficient averment, under the old system of pleading, on a general demurrer. Though the defect could be reached by a special demurrer, yet the plea was sufficient on a general demurrer. (*Gould's Pl. ch.* 3, §§ 28, 30. 1 *Saund.* 274, *note* 1. 9 *John,* 314.) The plaintiff avers that at the time, &c. he was traveling to the south, and at and about the time his horses were crossing the railroad track, the defendant, *without proper care and caution, and carelessly and negligently,* caused their

Wilson *v.* Rochester and Syracuse Railroad Co.

locomotive to pass rapidly over the track of the railroad at or near the said station, near the point where the plank road intersects the railroad, without giving any signal, by ringing the bell or sounding the steam whistle, as by law required; that the locomotive was passing over the road; and that the locomotive in passing *as aforesaid,* (i. e. over the road,) came within a very few feet of striking the said wagon of the plaintiff, and so frightened his horses that the wagon was thrown violently on the rails of the south or turn out track, and the plaintiff himself permanently injured. Now it may be admitted that the necessary averment is not positively stated; and moreover it may have been designedly omitted by the pleader, for fear it could not be proved; but the question is whether it does not appear, by *inference* and *argument* and with a reasonable and common degree of certainty. It expressly appears that the plaintiff was crossing the railroad, traveling towards the *south,* nearly at right angles, when he was injured. At the same time the cars were passing along " *over the railroad,"* and *in so passing came within a few feet* of striking the wagon. Now this statement is, in its ordinary sense, and in the liberal construction enjoined by the 159th section of the code, inconsistent with the hypothesis that the locomotive was at the time standing still on the western side of the crossing, and by a sudden starting frightened the plaintiff's horse and thus caused the injury. To allege that as the plaintiff was crossing the track the cars, in *passing over the road, came within a few feet* of strking the wagon, warrants the inference that they passed over the road, where the wagon had been but a moment before, and just avoided a collision by striking it; and this allegation is to be liberally construed, for the purpose of determining its effect and promoting justice between the parties. It is an additional reason in favor of this construction that the negligence is alleged to be the omission to ring the bell or sound the whistle, as by law was required to be done. We have already seen that the statute only requires the signal to be given when the cars are *approaching* a crossing; and therefore this averment is utterly inconsistent with any other construction than we have given to the complaint. In fact this case is much

stronger than the case of *Spencer* v. *Southwick*, (9 *John.* 314.) That was an action for a libel on Judge Spencer, in charging him with corrupt conduct as a senator in getting the act incorporating the Manhattan company passed, with banking powers, when not ten senators were in the secret, by which the plaintiff made several thousand dollars.   The plea justified, and the *point* in question, necessary to be averred, was the *knowledge of the plaintiff* that a large majority of both houses were ignorant of the nature of the bill, and that he concealed it from them.   And the pleader, instead of directly avering such knowledge, alleged that the " defendant *had good reason to believe* that the plaintiff well knew," &c. and this was held to be argumentatively a good averment of actual knowledge.   Ch. J. Kent says " that knowledge is averred only by way of argument and inferences, and not directly ;" " but an argumentative plea is good on general demurrer.   Certainty to a common intent is sufficient in a special plea.   The party may have had good reason to believe that the plaintiff well knew, &c. and yet he may not have well known, or imperfectly known the truth before him.   The force of any impression on the mind will depend on the character and discipline of that mind, &c.   To a common intent, and upon a reasonable construction, the averment charges the plaintiff with knowledge of the fact, not indeed directly, but argumentatively." This case seems to me a full authority for upholding this complaint.   Upon a fair and liberal construction of it the requisite averment is made, not directly, but argumentatively, which is enough, on this demurrer.   Such are my own views of the true construction of this pleading ; but my brethren are of opinion that the complaint is insufficient.   And such is the decision of the majority of the court.   The order made at special term is therefore affirmed.

[Oneida General Term, January 3, 1853.   *Gridley, W. F. Allen, Hubbard* and *Pratt*, Justices.]