## SUPREME COURT.

### SALLY BUZZARD agt. JOHN KNAPP.

A complaint in an action for a breach of promise of marriage, alleging, in sub-
stance, in reference to a promise, that, in a conversation between the parties
at a time and place specified, the plaintiff asserted, among other things, that
the defendant had promised to marry her; and that, at the same time and
place, the defendant said to the plaintiff, he acknowledged he had done wrong
in promising her as he did, and hoped she would forgive him; but if he should
marry her, as they had talked, and she go to his house, it would make both
miserable for life: and further alleging, that the defendant said to the plain-
tiff, in reply to her entreaties, she must try to forget it, and acknowledged he
had done wrong, and that he was sorry for it, without otherwise averring a
promise, does not state facts sufficient to constitute a cause of action.

*Monroe Special Term, Oct.,* 1855.
DEMURRER to the complaint.

> SIMEON B. JEWETT, *for plaintiff.*
> JEROME FULLER, *for defendant.*

T. R. STRONG, Justice. The complaint in this case, is a
palpable violation of the provisions of the Code, prescribing
what a complaint shall contain. It does not contain "a plain
and concise statement of the facts constituting the cause of ac-
tion, without unnecessary repetition;" but, on the contrary,
sets forth matter of evidence, without any general fact essential
to the action, unless it is done by argument and inference.
The court, on motion, under § 160 of the Code, would have
stricken out the largest portion of the complaint, and directed
that the residue be corrected and put in legal form; but on de-
murrer for the reason that the complaint does not state facts
sufficient to constitute a cause of action, the only inquiry is,
whether facts enough to support the action are stated in any
form—whether plainly and concisely without unnecessary re-
petition, or argumentatively and inferentially, and in connexion

Buzzard agt. Knapp.

with irrelevant and redundant matter, cannot affect the decision. One of the principal facts which it was required to state in this case, is the promise of marriage by the defendant. In reference to this, it is alleged in the complaint, in substance, that in a conversation between the parties, at a time and place specified, the plaintiff asserted, among other things, that the defendant had promised to marry her; and that, at the same time and place, the defendant said to the plaintiff, he acknowledged he had done wrong in promising her as he did, and hoped she would forgive him; but if he should marry her, as they had talked, and she go to his house, it would make both miserable for life.

It is further alleged in the complaint, that the defendant said to the plaintiff, in reply to her entreaties, she must try to forget it, and acknowledged that he had done wrong, and that he was sorry for it. If the fact of a promise of marriage is here set forth, the complaint is good, but if not, the demurrer is well taken.

It will be observed, that the plaintiff does not, in terms, allege a promise, but only that she told the defendant he had promised to marry her. It must appear to have been admitted by the defendant that he made such a promise, in order to the statement of the fact of such promise. A mere declaration, that the plaintiff had, at a previous time, said there was a promise, is not an allegation of a promise. If it appears that the defendant, in the conversation, admitted, without qualification that the declaration of the plaintiff was true, or that he had promised to marry her, I am inclined to think that is a sufficient setting forth of the fact that the promise was made. The declaration and admission do not constitute a direct allegation of the fact, but they are evidence of such force that the court may properly, for the purpose of the pleading, regard the fact as impliedly alleged. Does the complaint show that the defendant made such an admission? It is not alleged that the remark of the defendant, that he had done wrong in promising the plaintiff as he did, and that he hoped she would forgive him, &c., was in answer, or subsequent to, the declaration of

the plaintiff, or that it related to that declaration. The whole complaint may be true, and yet this remark have preceded what is stated to have been said by the plaintiff, or related to something said by the plaintiff which is not given. If the remark was not in answer, or subsequent to what was said by the plaintiff, and so connected with it, and is regarded by itself, it does not appear what the promise was which is referred to by the defendant, or what the talk about marriage was.

And in respect to the other remark of the defendant, in answer to her entreaties, that he had done wrong, and was sorry for it, the particular entreaties are not stated; nor is it stated in what respect he had done wrong. There is not, for these reasons, entire certainty that the defendant has admitted the promise alleged; although the evidence set forth strongly tends to show that he has, and would doubtless satisfy a jury. Entire certainty should be required by the court as to the point of the admission; but to warrant it in drawing the conclusion of a promise from the declaration of the plaintiff, and admission by the defendant, and thus sustaining the pleading, a lower degree of certainty may be sufficient. (1 *Chit. Pl.* 237; *Spencer* agt. *Southwick*, 9 *Johns.* 314; *Tallman* agt. *The Rochester City Bank*, 18 *Barb.* 123, 138.) Greater certainty is required in a complaint than in answer.

I must, therefore, hold, that construing the complaint with the utmost liberality, it does not set forth the fact of a promise of marriage by the defendant; and hence does not state facts sufficient to constitute a cause of action.

The defendant must have judgment on the demurrer, with leave to the plaintiff to amend, on payment of costs.