THE SALT LAKE CITY NATIONAL BANK v. HENDRICKSON
ET AL.

1. The personal liability of the officers and stockholders of a corporation for a debt contracted by the corporation is inconsistent with the idea of a body corporate at common law, and can arise only out of some statutory provision.
2. In pleading a foreign statute, it must be set forth in substance, so that the court may see that the right or liability which depends on a statutory enactment arises by force of such statutory provision. The averment, "pursuant to the statute," without setting forth the substance of the statute, is insufficient.
3. The replication must support and fortify the declaration. The plaintiff, where an evasive plea is filed, may re-state his cause with more particularity and certainty in his replication, but he must not depart from any material allegation in the declaration.
4. A departure in pleading is a fault in substance, and may be taken advantage of by general demurrer.
5. An argumentative plea is good on general demurrer. An objection of that kind could formerly be taken advantage of only by special demurrer, and is now available only by a motion to strike out.
6. The rule that judgment on demurrer will be given against the party whose pleading is first defective, applies only when the defect in the prior pleading is in a matter of substance, such as would be available on general demurrer.

On demurrer to the plaintiff's replication.

Argued at November Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the defendant, *F. W. Stevens.*

*Contra, W. H. Vredenburgh.*

The opinion of the court was delivered by

DEPUE, J.   This action is in *assumpsit* against Hendrickson, McKergan, Knauss and Woodruff.   The declaration contains the common counts and one special count.   The special count is, in substance, a count for money lent to the four defendants, as partners trading under the name of The New Jersey Milling and Furnace Company.

The defendants pleaded the general issue, *non-assumpsit,* and a special plea in bar.

The allegations in the special plea are, that Hendrickson, McKergan and Knauss, three of the defendants, in conformity with an act of the legislature of New York entitled "An act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes," filed a certificate and associated themselves together, and formed a body politic and corporate, under the corporate name of The New Jersey Milling and Furnace Company; that Hendrickson, McKergan, Knauss and Woodruff became stockholders in said corporation; that the moneys in suit were lent and advanced to said corporation, and used by said corporation for its purposes; and that the corporation, and not the said defendants as individuals, is liable for the re-payment thereof.

To this special plea the plaintiffs replied (1) that the certificate of incorporation contained certain false statements as to the citizenship of some of the corporators, whereby, by force of the laws of New York, the corporators, Hendrickson, McKergan and Knauss, three of the defendants, became jointly and severally liable for the plaintiff's debt; (2) that

Hendrickson and McKergan, two of the defendants, as officers
and trustees of said corporation, failed to make and publish.
an annual report, as required by the laws of New York,.
whereby the said Hendrickson and McKergan became, by the
laws of said state, jointly and severally liable, &c.; (3) that
Hendrickson and McKergan, the same two defendants, made
and published a false report of the affairs of said company,.
whereby they, the said two defendants, by the laws of New
York, became liable, &c.; (4) that the capital stock of said
company was not paid in cash, whereby the said Hendrickson,
McKergan, Knauss and Woodruff, the four defendants, as
stockholders, by the laws of New York, became, *severally* and
*individually*, liable to the plaintiffs to an amount equal to the
amount of stock held by them respectively, and that the said
four defendants, *each* and *respectively*, held an amount of stock
equal to the plaintiff's debt.

To these replications the defendants filed a general demurrer.

The replications are each and all defective and illegal, in
several particulars.

1st. The declaration is founded on a joint cause of action
against the four defendants. The first of these replications.
sets up a joint and several liability on the part of three of the
defendants; the second and third, a joint and several liability
by two of the defendants, and the fourth, the several liability
of each of the four defendants. As to the subject matter of
the second and third of these replications, it was held by this
court that no action to recover on a liability, on those grounds,.
could be maintained in this state; that the liability of trustees
to pay the debts of the company, on their neglect to publish.
a report of the condition of its affairs, was in the nature of a
penalty for official neglect of duty, which could not be enforced
out of the jurisdiction of the state which imposed it.  *Derrick-
son* v. *Smith*, 3 *Dutcher* 166.  See, also, *Bird* v. *Hayden*, 2
*Abb. Pr.* (*N. S.*) 61; *S. C.*, 1 *Rob.* (*N. Y.*) 383.

2d. The personal liability of the officers and stockholders
of a corporation, for a debt contracted by the corporation,.
must, of necessity, be the creature of a statute.  Personal

responsibility of stockholders is inconsistent with a body corporate at common law, and can arise only out of some positive prescription by legislative act. *Field on Corp.*, §§ 55–74 ; *Seymour* v. *Sturgess*, 26 *N. Y.* 134; *Bird* v. *Hayden*, *supra ; Freeland* v. *McCullaigh*, 1 *Denio* 414. The courts of one state will not take judicial notice of the statutes of another state. In pleading a foreign statute, it must be set forth in substance, so that the court may see that the right or liability, which depends exclusively on a statutory enactment, arises by force of such statutory provision. The averment, " pursuant to the statute," without setting forth the substance of the statute, is insufficient. *Holmes* v. *Broughton*, 10 *Wend.* 77 ; *Walker* v. *Maxwell*, 1 *Mass.* 104; *Collet* v. *Keith*, 2 *East* 260. Pleading a foreign statute is like pleading a private act of parliament: it must be recited, or at least such parts of it as are material to the action or defence, must be stated in the pleading. 1 *Chitty's Pl.* 216; 9 *Bac. Abr.* 261, " *Statute*," L.

3d. These replications are bad on the ground that they abandon and entirely depart from the cause of action stated in the declaration. The declaration counts on an indebtedness arising from a loan of money to the defendants as partners. The plea averred that the money was lent to a corporation in which the defendants were stockholders, and not to the defendants as individuals. The plaintiff, by pleading over *sub silentio*, admits, in his replications, that the money sued for was lent to the corporation, and resorts to an individual liability of the defendants, not arising out of a loan of money to them, but imposed by the laws of New York upon them as officers or stockholders of the corporation, for the failure to comply with the laws of New York in the organization of the company and the management of its affairs. A replication must support and fortify the declaration. A plaintiff, where an evasive plea is filed, may re-state his cause with more particularity and certainty in his replication, but he must not depart from any material allegation in the declaration. *Troup* v. *Smith*, 20 *Johns.* 33 ; 1 *Chitty's Pl.* 644. In

this pleading the whole cause of action is changed. A departure in pleading occurs where a party deserts the ground he took in the last antecedent pleading, and resorts to another. *Steph. on Pl.* 405. It is a fault in substance, and may be taken advantage of by general demurrer. *Sterns* v. *Patterson,* 14 *Johns.* 132; *Brine* v. *G. W. Railway Co.,* 2 *B. & S.* 402; 1 *Chitty's Pl.* 648.

The difficulty in the plaintiffs' pleading is, that they seem to have put the whole of their real cause of action in the replication, and no part of it in the declaration. If they meant to ignore the attempted incorporation in New York, as was done in *Hill* v. *Beach,* 1 *Beas.* 32, they should have stood on their declaration, and gone to trial upon the case made in it. There is no obstacle in the way to prevent that course.

The plaintiffs, on the argument of this demurrer, attacked the defendant's plea to which these replication were filed. The plea is clearly bad. It is an argumentative denial of the plaintiffs' cause of action. The defendants, in this plea, say that the plaintiffs' money was lent to the corporation, and the corporation is liable for its re-payment, and therefore we are not bound to pay it. But an objection of this kind is one merely of form, and was available only by special demurrer, when special demurrers were allowed, and now can be made only on motion to strike out. An argumentative plea is good on general demurrer. *Com. Dig.,* "*Pleader,*" E 3; 1 *Chitty's Pl.* 540; *Spencer* v. *Southwick,* 9 *Johns.* 314. And it is only where the defect in the prior pleading is in a matter of substance, such as would be available on general demurrer, that the rule applies that judgment on demurrer will be given against the party whose pleading is first defective. *Brehen* v. *O'Donnell,* 5 *Vroom* 408; *Tubbs* v. *Caswell,* 8 *Wend.* 129; *Allen* v. *Crofoot,* 7 *Cow.* 46; *Lipe* v. *Becker,* 1 *Denio* 568.

Judgment for the defendants on the demurrer.