Kent, Ch. J.
delivered the opinion of the court. The plaintiff in his replication has assitmed and traversed a fact not averred in the libel, nor in the plea. The fact so assumed is, that at the time the plaintiff, as senator, advocated and supported the Manhattan bill, he was owner of stock created by the bill, or was interested in the same. As I read the libel no such charge was made by the defendant. The substance of the charge is hypocrisy and deception in the plaintiff in the performance of his trust as senator, in effecting the incorporation of the Manhattan company, and that the deception consisted in suffering the legislature to remain ignorant of a fact within his knowledge, viz. the existence of a banking power in the bill. It is not stated that the plaintiff had any interest ki the stock when he so advocated the bill in the senate, though it is stated that his “ share of the profits of the Manhattan bank was several thousand dollars.” This may have been the case consistently with the fact that the interest of the plaintiff accrued after the bill had passed the senate and council of revision. His support of the bill and his interest in the stock were facts not stated in the libel as being concurrent in point of time. The accusation is, that the plaintiff and his associates effected the incorporation of the company by “ hypocritical cants,” and that a deception was practised upon the legislature, who supposed that they were passing a law for the sole purpose of supplying the city of JSew-York with pure and wholesome water, while the plaintiff and others had their eye on the creation of a bank uncircumscribed as to place, and unlimited as to capital and duration. Whether the deception was practised by the plaintiff by reason of any then existing interest in the bill, or the stock to be created by it, or from the expectation of some future interest to be procured when the bill should become a law, or without the influence of either of those motives, was left by the libel to the inference of the reader. The libel only stated as facts that “ by hypocritical cants the plaintiff and his associates effected the incorporation of thé bank in which his *265 share of the profits was several thousand dollars.” The mention of his associates in the business, and of his share in the profits, affords, no doubt, colour for the inference that the hypocrisy and deception proceeded from an interest existing at the time that the plaintiff advocated the bill in the senate; but when we take and compare the whole libel together, we perceive that such a charge was not the object and intention of the libel. The whole scope and tendency consists in charging the hypocritical and false pretences by which the bill was supported. These charges are repeated, again and again, and there is a total silence as to the other charge; and I think it would be straining the libel into the most odious sense, to consider it as charging the plaintiff not only with hypocrisy, but with positive pecuniary corruption in relation to his trust.
The declaration does not pretend, by any explicit innuendo or averment, to give the libel such a construction. It only avers that the defendant “ meant to insinuate and be understood, that by hypocritical cants and practices, the said Ambrose and his associates effected the incorporation of the Manhattan Company, at the city of New-York, in which his, the said Ambrose’s, share of the profits was several thousand dollars, while he was one of the senators of the state of New-York, contrary to his duty, and that he was guilty of deception and hypocrisy in the passing of the said bill.” This is the construction which the plaintiff by his declaration, gives to the libel, and it does not contain any averment or complaint of a charge that the plaintiff advocated the bill in the senate, at the very time when he was owner or interested in die expected stock.
When this case was before the court on demurrer to the plea, (9 Johns. Rep. 314.) itappeared to me, and, as I thought, not only to my brethren but to the counsel who argued the case, that the charge of hypocrisy and deception was considered as the real gravamen ; and the opinion of the court turned wholly on the point whether the knowledge requisite to make out the plaintiff’s intentional deception of the legislature had been sufficiently averred. The few preliminary remarks with which the opinion was introduced may not have been clothed in language the most precise, but they were never meantto convey a different opinion as to the sense -or meaning of the libel. The publication was and is deemed sufficiently libellous withoutresorting to any such additional construction. The libel consists in charging the plaintiff with concealing from. *266 the Senate his knowledge of the fact that the bill contained a power to institute a bank, while he at the time knew that the senate were ignorant of that fact, by which means they were led to pass the bill under false impressions, and under the concealment of necessary truth. This is the charge which we consider to be actionable, and in which the substance of the libel consists, and which is justified by the plea; but neither the one nor the other do, by any necessary construction, convey the charge assumed by the replication. The plea is very precise and accurate, as to its averments. It states that the plaintiff was a senator on the 2d of April, 1799, and that on that day the bill passed into a law, and that on the 1st of April, the plaintiff) as senator, advocated the bill, knowing it had a banking clause, and knowing that the legislature were ignorant of the fact, and that he did not undeceive them; and that on the 2d of April, (not on the 1st of April, when he so advocated the bill,) but on the 2d of April, (the day the bill became a law,) he was the owner of a large portion of the stock created by the law, and made a large profit thereon.
The replication takes ho further notice of this plea than to assume and traverse this single fact, viz. that at the time he, as senator, advocated the bill, he was not the owner of any stock created by it, nor had any interest therein. But this fact was not put in issue by the previous pleadings. It was not so charged either in the libel, declaration or plea. The plea is, that the plaintiff advocated the bill on the 1 st of April, and was interested in the stock on the 2d of April, when the bill became a law. The replication may be true and the plea also. It is, therefore, no answer to the plea, but a departure from the declaration, and is bad in substance. As the declaration sets forth sufficient actionable matter, and as the plea by way of justification avers the truth of the matters charged, and as the replication neither traverses nor confesses the plea, the defendant is entitled to judgment upon his demurrer.
Judgment for defendant, with leave to the plaintiff to amend his replication on the usual terms, Sec.