May Term,
1840.

WELLS
v.
TEALL.

*C. Fletcher* and *O. Butler*, for the defendant.

## WELLS *v.* TEALL.

If the replication desert the ground, in point of law, on which the declaration rested the cause, it is a departure.

In a suit by the assignee of the payee of a promissory note against the maker, a note executed by the assignor and a third person, though obtained by the defendant before notice of the assignment, is not a matter of set-off if such third person be alive: *aliter*, if he be dead.

A plea to such suit, that before the commencement of the suit, and before notice of the assignment, the defendant paid to the assignor, the amount of the note, by the sale and delivery to him of a large quantity of stage-stock of the value, &c., is sufficient.

*Saturday,*
*May 30.*

APPEAL from the *La Porte* Circuit Court.

SULLIVAN, J.—Debt on a promissory note made by defendant and one *Sprague,* since deceased, payable to *Solon Johnson* at the bank of *Ypsilanti,* and by *Johnson* indorsed to the plaintiff.   The declaration is in the usual form.   The defendant pleaded, 1. *Nil debet.*   2. That before the commencement of the suit, and before notice of the assignment of said note, defendant paid to *Johnson,* the assignor, the full amount thereof as follows, to wit, said *Johnson* and one *Sprague,* since deceased, on, &c., at, &c., made their certain note in writing for the sum of 688 dollars, payable nine months after date to the order of one *Robert Stewart,* at the *Fulton bank* in the city of *New-York,* and said *Stewart,* before the payment of the sum of money therein specified, or any part thereof, afterwards, &c., assigned said note to the defendant; by means whereof *Johnson* became liable to pay to defendant the sum of money therein specified; yet, &c. 3. That before the commencement of this suit, and before notice of said assignment was given to the defendant, to wit,

on, &c., he, the defendant, paid to *Johnson* the full amount of said note, by the sale and delivery to him of a large quantity of stage-stock, of the value of 2,200 dollars; whereby, &c. Issue on the first plea. To the second and third pleas the plaintiff replied, that the note in the declaration mentioned was made payable at the bank of *Ypsilanti*, in the state of *Michigan;* and that by the statute of that state it is enacted, that all notes in writing made and signed by any person, whereby such person shall promise to pay to any other person, body politic or corporate, or to his or their order, or unto bearer, any sum of money therein mentioned, shall, by virtue thereof, be taken to be due and payable as therein expressed, and shall have the same effect and be negotiable as inland bills of exchange according to the custom of merchants, and that the payees or indorsees of every such note payable to them or their order, shall and may maintain their action for such sum of money against the makers and indorsers as in case of inland bills of exchange.

May Term, 1840.

WELLS
v.
TEALL.

General demurrers to the replications, and judgment for the defendant.

As the plaintiff, in his declaration, relies upon no other law than the law of the jurisdiction in which he has brought his suit, his replications, in which he relies for judgment upon the statute of *Michigan*, are a departure in pleading, according to the case of *Yeatman* v. *Cullen, Nov.* term, 1839. In that case it is said that if a plaintiff, in his replication, desert the ground in point of law on which the declaration rested his cause, it is as much a departure as if he had changed his ground in point of fact. If the plaintiff had wished to avail himself of the benefit of the statute of *Michigan*, he should have shown it in his declaration. The demurrers to the replications, therefore, were correctly sustained by the Court. Vide *Yeatman* v. *Cullen, supra*, and the authorities cited.

It is contended, however, that the defendant's pleas were insufficient, and that the Court erred in sustaining them.

If either of the pleas is good, the judgment must be affirmed. With regard to the second plea it may be said, that, if *Sprague* were alive, the set-off relied upon would not be good for the want of mutuality. A separate claim cannot be set off against a joint debt. 1 Tidd's Pr. 604.—*Fletcher* v.

May Term, 1840.

*Dyche,* 2 T. R. 32. But as *Sprague* is dead, and the right of action on the note named in the plea is against the survivor, it is a legal matter of set-off against a demand in his favour. *French* v. *Andrade,* 6 T. R. 582.—*Slipper* v. *Stidstone,* 5 T. R. 493.—*Goelet* v. *M'Kinstry,* 1 Johns. Cas. 405. The plea, however, omits to show that the indorsement and delivery of the note by *Stewart* to the defendant, were before the commencement of the suit. Whether that be a defect which is fatal on general demurrer, it is not necessary now to determine, because the third plea clearly presents a good bar to the plaintiff's action. The statute provides that the assignee of all such notes as are made assignable by it, shall allow all just set-offs, discounts, and defence, not only against himself, but against the assignor before notice of such assignment shall have been given to the defendant. Rev. Stat. 1838, p. 119. The set-off pleaded is one which the defendant could avail himself of against *Johnson,* if the note were still in his hands, and the suit in his name. So, it is good against his assignee, having existed before the defendant received notice of the assignment.

As the third plea was good, and the replication to it a departure, the Court did right in giving final judgment for the defendant.

*Per Curiam.*—The judgment is affirmed with costs.

*C. Fletcher* and *O. Butler,* for the appellant.

*J. B. Niles,* for the appellee.

