## JOEL HIATT v. DAVID AULD.

1. LIMITATION OF ACTION; *Instruction of Court.* It is not error to instruct the jury to find for the defendant, where the evidence clearly shows that the cause of action is barred by the statute of limitations.

2. ———— *Statute Construed.* The cause of action is not saved by section 23 of the code unless the second action is substantially the same as the first. The form may be different, and the regulations may vary; but the right to recover must grow out of the same transaction, and depend upon similar grounds of liability on the part of the defendant.

3. DISMISSING ACTION *without Prejudice; Stipulation.* A stipulation signed by the attorneys of both parties, made at the time of dismissing the first action, "that it should be without prejudice of service or otherwise to the action commenced this day by J. H. v. D. A. and G. W. T.," is not a stipulation that the statute of limitations should not be relied on by defendant, nor that defendant might not insist that the second action was not saved under section 23 of the code.

4. AMENDMENT; *When too Late.* Where the answer as one ground of defense sets up the statute of limitations, and the parties go to trial, it is not error for the court, at the close of the evidence, to refuse to permit the petition to be amended by making an averment that the plaintiff had not discovered the fraud of defendant until within two years next before the commencement of the action. If such was the fact, the amendment should have been made before the trial began, or put in issue by the reply.

*Error from Leavenworth District Court.*

ON the 20th of November 1868, *Hiatt* commenced an action against *Auld* to recover the sum of $4,679, together with interest from the 3d of December 1865. On the 9th of February 1870, said cause came on for trial. During its progress, and after a number of witnesses had been examined, *Hiatt* on leave of the court, dismissed his cause without

prejudice, the attorneys of the parties signing a stipulation in relation thereto. And afterward, on the same day, Hiatt commenced another action by filing his petition in the district court against the said *Auld* and George W. Taylor. To this last action *Auld* filed a separate answer, setting up several defenses, one of which was the statute of limitations. A trial was had at the February Term 1871 of the district court. Several questions arose, of which the principal ones, and the rulings of the district court, are sufficiently stated in the opinion. The district court held that the action, as to *Auld*, was barred by statute, and instructed the jury to find in his favor. Verdict and judgment in favor of *Auld*, and *Hiatt* brings the case here for review.

*Green & Foster,* for plaintiff in error:

1. The court erred in excluding evidence to show the commencement of a former action in due time, and a failure otherwise than upon the merits. The first action was instituted against Auld alone, and the second action was instituted against Auld and Taylor; and upon the institution of the second the first was dismissed, and a stipulation filed therein that the same be dismissed without prejudice or otherwise to the new action; and such dismissal entitles the party to the benefit of § 23 of the code. *Mc Whirt v. McKee,* 6 Kas., 412. The statute does not require that the issue should be the same, but simply provides that if *any* action be commenced within due time, and the plaintiff *fail* therein otherwise than upon the merits, he may commence a new action within one year thereafter; and we respectfully submit that upon a comparison of the records of the two cases, the conclusion is irresistible that this the second action was upon the same claim and cause of action as the first. An action is defined to be an ordinary proceeding in a court of justice, by which a party prosecutes another for the enforcement of a right, (§ 4 of code,) and the cause of action is made up of the facts which entitle the plaintiff to relief. 3 How., 378; 6 How., 390. That the bringing of the first suit was effectual to prevent

the bar of the statute, and that the plaintiff is not confined to the same form of action, and may allege additional facts in the second action, see 3 Brev., 414; 13 Vt., 288; 12 Ohio St., 620; 13 B. Mon., 406; 23 Ark., 684; 28 Texas, 616, 713; 6 Eng., 344; 17 Ind., 169; 30 Ala., 213; 16 La. An., 95.

2. The attention of the court is called to the fact that during the trial, and before the plaintiff rested his case, and after the exclusion of the record of the first suit, the plaintiff asked leave to amend his petition, so as to allege and show that the fraudulent acts of and conspiracy between the defendants had not been discovered by the plaintiff, or the parties in interest, until within two years next preceding the institution of this suit, and plaintiff then offered to prove that fact. It is provided by § 139 of the code that the court may before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading by inserting other allegations material to the case, or conform the pleading to the facts proved, when such amendment does not change substantially the claim, etc. The amendment proposed would not have changed the plaintiff's claim, but it contained other allegations which had become material to the case in view of the ruling of the court excluding the record of the first suit from being received in evidence.

It is further submitted that the proposed amendment simply conformed the pleadings to the facts proved, as contemplated by § 139 of the code; and by § 140 it is provided that the court *must* in every stage of action disregard any error or defect in the pleadings which does not affect the substantial rights of the adverse party. When an amendment is asked, if it is in furtherance of justice, and does not change substantially the plaintiff's claim, it is the duty of the court to allow it; and the only discretion with which it is invested is as to the *terms* on which it shall be granted, whether *with* or *without* costs.

3. The plaintiff has never failed upon the merits in his action; not in the first suit, nor in the last. And it was error

to exclude the pleadings in the first as evidence in the last. It was error also to disregard the written agreement of the parties to the dismissal. And it was error to instruct the jury to find for defendant Auld.

*Byron Sherry,* for defendant in error:

1. On the question of limitation, the note of Taylor to Hiatt bore date September 18, 1865, and being made payable seventy-five days after date, fell due on the 3d of December, 1865. While it is not contended that the action on the note against Taylor was barred, yet it is very clear that the other alleged causes of action were barred. There was no evidence at the trial to show that Auld ever entered into any agreement in writing to pay the debt of Taylor to Hiatt, but on the contrary the evidence shows directly the opposite; that Auld bought the train without such agreement or understanding. But it is contended on the part of plaintiff that Auld waived the statute of limitation by a written stipulation, signed by the parties, wherein it was agreed that the action of November 20, 1868, might be "dismissed without prejudice to service or otherwise." These words mean nothing more than a dismissal without prejudice to future action. The court, we apprehend, will not attempt to say that the word "otherwise," is to be construed to mean that the defendant agreed to waive the statute of limitation. The word "otherwise," when used in legal papers, has no more significance than the abbreviation of "&c."

2. As to the right of the plaintiff to amend. After a long and tedious trial, and after the evidence was all in, the plaintiff finding that his action was barred by the statutes of limitation, asked leave to amend his petition by inserting an amendment in substance, that the plaintiff did not discover the frauds, conspiracies, and co-partnership alleged in his petition, until within two years next preceding the filing of his last amended petition. The right to amend is always a matter of discretion with the court, the granting or refusal of which is not reviewable by this court. See the case of

*Taylor v. Clendenniny,* 4 Kas., 524, in which the court says, "The granting or refusing leave to amend, is a matter within the sound discretion of the court which tries the case, and except where such discretion is abused, this court can never interpose." In this case the defendant having relied on the statute of limitations as one of his grounds of defense, any amendment offered by the plaintiff, after the evidence was all in, to do away with this ground of defense, would substantially change one of the issues upon which the case was tried, and would be in conflict with § 139 of the code.

3. On the question of the right of the court to instruct the jury to find for defendant, Auld: It is claimed by the plaintiff that, in giving this instruction, the court erred, and in doing so, usurped the province of the jury. There being no evidence to entitle the plaintiff to recover against Auld, it was the duty of the court to so instruct the jury. Under the old practice, it would have been the duty of the court to have granted nonsuit as to Auld. 1 Gra. & Wat., New Trials, 278; 13 Johns., 334; 1 Wend., 376; 10 Wend., 519. An action for relief, on the ground of fraud, is barred in two years: Code of 1862, § 22; code of 1868, § 18. The court, at the conclusion of the evidence, having decided as a matter of law, that the allegations of fraud were disposed of by the statute of limitation, and that there was no evidence to show the existence of a promise in writing, was justified in giving the instruction to the jury to find for defendant Auld.

4. We are at loss to see how a cause of action could be saved by the commencement of a second action, when the cause of action is different from that set up in the first action. Upon this theory a party might commence an action to recover damages for personal injuries, afterward dismiss, and commence an action on a promissory note, already barred, and claim that the action on the note was not barred for the reason that he had commenced a subsequent action within the time limited by the statute. The true principle as laid down by this court in the case of *McWhirt v. McKee,* 6 Kas., 412, is, that where a party commences an action, and fails other-

wise than upon the merits thereof, that he has one year within which to commence again. This of course contemplates the same cause of action.

The opinion of the court was delivered by

KINGMAN, C. J.: The district court instructed the jury to find for the defendant Auld, on the ground that the action was barred by the statute of limitations. This instruction was manifestly correct unless the right of action was preserved by some of the saving clauses of the statute.

It is claimed by the plaintiff in error that two errors were made by the court in its rulings, either of which ought to reverse the judgment. First, the court erred in excluding evidence to show the commencement of a former action in due time, and a failure otherwise than upon its merits, and the commencement of the present action within a year from the failure upon the first. Second, in refusing, after the evidence was closed, to permit the plaintiff to amend his petition as offered, the amendment being in substance that plaintiff did not discover the frauds, conspiracies and partnership charged in his petition until within two years next preceding the filing of his petition, and until within two years of the time of making the motion for leave to amend. The difficulty upon the first of these alleged errors does not so much grow out of the law, as to its application to the facts. The first petition with the amendments thereto is against David Auld alone, stating that one George W. Taylor had bought work oxen of the plaintiff of the value of $4,675, and gave his note therefor dated September 18th, 1865, and made payable in seventy-five days from date, and that afterward Auld bought the train of which these cattle were a part and undertook to deliver the freight in Colorado, and agreed in writing to pay the debt of Taylor to plaintiff. It also contained a count for money had and received by Auld for the plaintiff. During the progress of the trial of the action on this petition, it was dismissed by plaintiff. This was a failure otherwise than upon the merits under the code, as this court decided in

*McWhirt v. McKee*, 6 Kas., 412. · Immediately on the dismissal of the first action plaintiff commenced the present action, which seeks to hold·Auld responsible for the amount of the note of Taylor by alleging in substance that the purchase of the oxen from plaintiff was fraudulent; that Auld participated in it, and contrived it; that he was a secret partner of Taylor in the purchase, and had made large gains out of it. It would be impossible to state all that there·is in the petition without copying its eighteen pages. Still, if Auld is to be held responsible on the facts alleged in the petition, it must be on the grounds that he was a secret partner of Taylor in the purchase of the oxen, and their further use, and the disposition made of them for his benefit. Is·this the same cause of action? We think not. The first was a sufficient cause of· action; the facts necessary to support it are alleged, and Hiatt claims to recover because of the existence of those facts. The second claims to recover the same amount of money, but on the ground of the existence of a wholly different state of facts. ·The first action was on a contract of a special character between Auld and Taylor. The second on a contract between Auld and Taylor on the one part, and Hiatt on the other. The one is not only unlike the other, but inconsistent with it. The first alleges that Taylor bought the cattle and gave the note, Auld becoming subsequently liable. The second makes Auld liable as secret partner from the beginning. The first was a perfect complaint for one cause of action; the second was a cause of action not even suggested by the first. It is contended that the last petition might have been used by way of amendment to the first cause of action, had application been made before the first trial began. We do not think so. If a party has two notes on another, both due, he can bring his action on both notes in one petition; but if he brings his action upon one, and then continues the case until the statute has run upon the other, can he, by way of amendment, make the note on which the statute has run a part of his action, and thus by its relation back to the commencement of the action avoid the statute of limitations?

Surely not. The supposed case is not stronger than the one under consideration. The two causes of action did not arise from the same transaction. The first grew out of agreements made after Taylor bought the cattle. The second grew out of the purchase of the cattle. In the first, the plaintiff had but to prove the agreement and the consideration. In the second, no such proof could have been admitted under the pleadings. The plaintiff, it is true, was trying in both cases to make Auld pay him for his cattle, but this settles nothing. If Auld had stolen the cattle from plaintiff, he could have sustained an action against him for their value. Had Auld bought them he could also have sustained an action against him for their value; and had he brought his action for the first, and after failure otherwise than upon the merits, had brought his action on the second, it is possible this might have brought the last case within the statute, though that would certainly be a strained construction, but the right of action in either case might have grown out of the same transaction, and arisen from the same state of facts. But could a party thus keep alive one cause of action by instituting a different one, and when witnesses are gone, and facts are forgotten, dismiss one and then bring another? Such at least is not the policy of the law. It is frequently said that our statute of limitations is so short that it should not be applied except in clear cases; but when the rapid movement of affairs, and the changing character of our population is considered, our statute of limitation, viewed as a statute of repose, is not relatively shorter than that of 21 James I., which was generally adopted by the American Colonies. We are aware that the statutes authorizing the bringing of a second suit upon a failure in the first, on any of the grounds enumerated in the statutes of the different states, have received a construction quite favorable to the plaintiff. The cases are referred to in the brief of plaintiff in error; but none of the cases go so far as to take a case out of the operation of the statute, where the cause of action was different. In Virginia it is held that a chancery suit for the same cause of action

would save the operation of that statute in a suit at common law: *Gray v. Berryman*, 4 Munford, 181. So in Alabama, 18 Ala., 307. In Mississippi it is held that this saving does not apply to a suit brought by the assignee, where the action on the note by the assignor had abated within a year. As very analagous to the principle in this case, though wholly unlike as to the facts and circumstances, reference is made to *Dudley v. Price*, 10 B. Monroe, 84, where the court decided that when during the pendency of a suit in chancery any new claim is set up by the plaintiff the defendant may have the benefit of the statute up to the time when the new claim is presented. In North Carolina the same decision has been made, where the new claim is founded upon papers previously made exhibits in the case. *Christmas v. Mitchell*, 3 Wedell's Ch., 585. To hold that the first action operated to save the second, would be in our opinion to engraft another exception upon the statute not warranted by its letter, nor coming within its policy. The two actions, to bring the second within the operation of the statute, need not be in the same form, and only additional facts ·may be stated, or facts that have been stated may be omitted; but it must substantially be the same cause of action. Another point remains on this branch of the case: The first case was dismissed upon a stipulation signed by the attorneys of both parties that it should be "without prejudice of service or otherwise to the action commenced this day by Joel Hiatt v. David Auld and George W. Taylor." It is claimed that this stipulation prevented the defendant from being allowed the benefit of his plea of the statute of limitations, on the ground that the two actions were not the same. If such was the intention of the parties they certainly failed to make it appear in the writing. It does not in terms, nor by any possible implication, prevent the defendant from setting up any defense he may have had to the action. It was simply what is known as a dismissal without prejudice, and the stipulation that no advantage should be taken that one action had been commenced while the other was on trial. The court properly refused to permit

one of the attorneys to testify as to what was the real intention of the parties in the written instrument. It is not susceptible of an explanation consistent with the claim of plaintiff in error.

The second point remains to be decided. The answer of the statute of limitations had long been filed. On that, as one of the issues, the case had been tried. After all the evidence was in the plaintiff offered to file an amended petition containing allegations that plaintiff had not discovered the fraud until within two years. Such an amendment at such a time comes too late. It raised another issue which would have to be tried, which might have led to a necessity for a retrial of the whole case. The facts should have been used as a reply to that part of the answer setting up the limitation. There was no abuse of discretion in refusing to allow the amendment to be made at that point of the trial. The omission to make it earlier does not appear to be the result of inadvertence. The answer had long been filed setting up the statute as a defense. Neither the affidavit nor the offered amendment showed when or how the fraud was discovered. See *Stearns' Adm'r v. Page*, 7 How., 819. Upon the whole case we think the court correctly held that the action as to Auld was barred, and that the instruction to that effect was correct. This settles the whole case, and renders it unnecessary to examine the other rulings as to the admission or rejection of evidence, because with the exceptions noticed none of them would have affected the case on the question of limitation. The judgment is affirmed.

All the Justices concurring.