## Burdell v. Denig and others.*

(*Circuit Court, S. D. Ohio, W. D.* March 5, 1883.)

1. REPLICATION—NEW CAUSE OF ACTION

   A replication cannot go behind the case made by the declaration and add another and different cause of action.

2. PATENTS—ACTION FOR DAMAGES FOR INFRINGEMENT—INSUFFICIENT REPLICATION TO PLEA OF AN ACCORD AND SATISFACTION.

   In an action for damages for infringement of a patent, plaintiffs averred the construction and use by defendants of certain infringing machines from January 23, 1861, when plaintiffs acquired their joint title to the patent, until the commencement of the action, October 6, 1861. Defendants pleaded an accord and satisfaction with an authorized agent of plaintiffs, to which plaintiffs replied that on March 13, 1860, (nearly a year before plaintiffs acquired their joint title to the patent,) the defendants purchased the infringing machines from persons unknown to and with whom plaintiffs had no connection, and that defendants thereafter used said machines as alleged in the declaration. On demurrer such replication *held* to be bad.

*Hoadly, Johnson & Colston* and *Pugh & Pugh,* for complainants.

*Perry & Jenney,* for defendants.

BAXTER, J. This suit was commenced on the seventh of October, 1861. At a trial thereof had several years since, plaintiffs recovered a judgment for $125. This judgment was reversed by the supreme court and the cause remanded to this court for a retrial. Upon its return the parties began to plead *de novo.* The case, as made by plaintiffs' amended declaration, is a claim for damages alleged to have been sustained by the plaintiffs by reason of an infringement of a patent, described in the pleadings, in consequence, as is averred, of the construction and use of seven sewing-machines, by defendants, from the twenty-third of January, 1861,—the date at which the plaintiffs acquired their first title to the invention alleged to have been infringed,—until the commencement of this suit in the following October,—a period of 8 months and 14 days. If the plaintiffs recover and obtain a fair assessment of damages, they would probably not recover enough to pay more than 10 per cent. of their attorney's fees for services in the prosecution of the suit. Nevertheless, they are American citizens, and have a constitutional right to litigate, if they want to, and, judging from the record, there is no just ground to doubt their desire to be heard.

Plaintiffs' amended declaration was filed January 7, 1881. The defendants pleaded thereto two special pleas, averring in substance

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

an accounting with an authorized agent of the plaintiff for the damages claimed in this action. To these, plaintiffs file eight replications. In two of them they set out and aver that on the thirteenth of March, 1860, nearly a year before they acquired their joint title to the invention alleged to have been invaded, the defendants purchased the seven sewing-machines, detailed in their declaration, from parties unknown to and with whom plaintiff had no connection, and that they thereafter used them as set forth and alleged in their declaration.

Possibly there may be some pertinency in these two replications; but if so this court is unable to see it. No recovery can be had in this suit for any infringement of the plaintiffs' patent before they acquired their title thereto. The defendants raise no question as to the validity of plaintiffs' patent, nor do they deny their title, or the alleged use thereof. Their defense is that they have accorded with and paid, or secured to be paid to an authorized agent, the damages claimed therein. This is the issue tendered by the defendants' special pleas. The replication is an effort to go behind the case made by the declaration, and add another and different cause of action. To these replications defendants demur, and we think the demurrer is well taken. But the case will proceed to trial on the other issues made by the pleading. This court, however, thinks that now, after the lapse of 21 years, 4 months, and 26 days since its institution, the case might be amicably adjusted, without offending the court or doing violence to the rights of the parties.