CAMPBELL and others vs. MELLEN.

*November 25 — December 16, 1884.*

*(1) Pleading: Reply: Consistency. (2) Appeal: Findings of referee.*

1. The reply to a counterclaim must be consistent with the complaint.
2. Appeals from judgments confirming the reports of referees in cases of long accounts involving mere questions of fact and where the amount in controversy is small, are not to be encouraged. The findings of the referee in this case are sustained.

APPEAL from the County Court of *Milwaukee* County.

By stipulation of the parties the cause was referred to Hugh Ryan, Esq., to hear, try, and determine. The referee found that at the commencement of the action there was due the defendant a balance of $32.90. The report of the referee was confirmed, and from the judgment entered accordingly the plaintiffs appealed. Other facts are stated in the opinion.

*Lindley Collins*, for the appellants.
*W. J. McElroy*, for the respondent.

ORTON, J. This case involves no principles of law worth considering, and is of no interest to any one except the parties themselves, and of very little to them, and ought not to incumber the reports more than necessary. The pleadings are anomalous. The plaintiffs demand $340.13 on an account running from November 1, 1879, to March 1, 1882. The defendant demands $162.57 as the balance due on an account of $775.53, running from September 21, 1878, to June 8, 1881, allowing a credit account of the plaintiffs of $612.96. The plaintiffs reply, stating a settlement with the defendant, January 31, 1880, leaving a balance in their favor of $11.10, and demanding this amount, together with $329.03 on account subsequent thereto.

This first error assigned is that the referee refused evidence of such settlement. The referee very properly refused to try in this action the *new case* made by the replication. It is elementary that the reply must be consistent with the complaint. This reply sets up a new cause of action against the defendant of an account stated, together with an unliquidated subsequent account, entirely different from and inconsistent with that stated in the complaint, and both causes of action are for trial. If the plaintiffs fail in proving the settlement stated in the reply, then they can go back and prove their unliquidated account to November 1, 1879, prior thereto, under their complaint.

The second error assigned is that the court refused the plaintiffs leave to amend their complaint by alleging their account back to November 1, 1879, anterior to the alleged settlement. This was unnecessary, for it was in the complaint already, excepting the total amount may have been stated at too small a sum, which was quite immaterial.

The great error complained of is that the referee did not

correctly find the facts. The referee who heard and decided this case is a very able lawyer, and well versed in the trial of such cases, and he appears to have considered the entire accounts of the parties, and on sufficient proof disallowed some items of the accounts on both sides, and to have come to as just and certain a determination of the whole matter of difference as it was possible from the conflicting evidence and somewhat obscure accounts of the parties. Sec. 2864, R. S., gave the county court the advantage of appointing a referee "to hear and decide the whole issue" in such a case, "requiring the examination of a long account on either side, or to report [only] upon any specific questions of fact involved therein." This right of peremptory reference was no doubt intended to relieve the trial courts from the long and vexatious trials of such issues. The statute would seem to imply that the decision of the referee should be final, unless he should see fit to report to the court certain specific questions of fact involved in the issue about which he has doubt. But, without construing the statute in this respect, it is merely suggested that, if the court is to be compelled to try over again the whole issue on such long accounts upon the evidence, the reference would be of little advantage to the courts or the parties. The mutual accounts in this case are very long and of numerous items, and the findings of the referee are very general, and we have to look to the exceptions to find any specific questions of fact, and they would involve the restatement of the whole accounts in order to find a balance by the testimony preserved in the bill of exceptions. If this court also had the right to refer the case, which it has not, we also might be relieved, somewhat at least, from the labor and time necessary to a retrial of the case. Any questions of law, as a matter of course, may very properly be reserved for the decision of this court. We have no certain *data* in the record by which we could or should revise the findings of the referee on the

various items of the accounts in controversy; but, from the examination of the evidence and the accounts which we have been able to make, we are satisfied that a small balance should have been found in favor of the defendant, and that the referee has found the true amount so nearly correct as to make the difference fall within the maxim, *de minimis non curat lex.*

Appeals to this court from judgments confirming the reports of referees in cases of such long mutual accounts, involving mere questions of fact upon the whole record, and where the real difference between the parties is small in amount, are not to be encouraged.

*By the Court.*— The judgment of the county court is affirmed.