P. C. Hanford Oil Co. vs. Findlay.

P. C. HANFORD OIL COMPANY, Respondent, vs. FINDLAY, Appellant.

*May 11 — June 3, 1891.*

*Pleading: Reply: Consistency: Account: Evidence.*

1. In an action to recover a balance of $650.29 alleged to be due on an account, a bill of particulars showed the quantity and price of goods sold and the payments made and rebates allowed. The de-

P. C. Hanford Oil Co. vs. Findlay.

fendant admitted the purchase of the goods, but alleged, by way of counterclaim, that larger rebates should have been allowed, and that, crediting him with such larger rebates, the balance was in his favor. The plaintiff replied that the rebate originally agreed upon had been allowed in the account as stated in the bill of particulars, and that after the goods were sold a further rebate had been agreed upon, which, being deducted, left the amount of $473.65 still due, which the plaintiff was willing to accept in full discharge of the claim. The evidence showed that the rebates to be allowed were not finally agreed upon until the time stated in the reply. *Held*, that the reply did not set up a new and inconsistent cause of action upon an account stated, and that there was no error in allowing plaintiff to set up and prove this agreement or settlement as to the rebates. *Campbell v. Mellen*, 61 Wis. 612, distinguished.

2. It appearing that the parties had agreed as to the amount due to plaintiff after deducting the agreed rebates, judgment for that sum was proper.

APPEAL from the Circuit Court for *Dane* County.

The facts are sufficiently stated in the opinion.

For the appellant there were briefs by *Olin & Butler*, and oral argument by *J. M. Olin*. To the point that it was error to admit testimony as to the alleged settlement in January, 1890, they cited *Campbell v. Mellen*, 61 Wis. 612; *Bunn v. McCune*, 5 Sandf. 224; *George v. West*, 52 Vt. 645.

For the respondent there was a brief by *Pinney & Sanborn*, and oral argument by *A. L. Sanborn*.

COLE, C. J. The material question in this case is, as we view it, fairly raised upon the pleadings.

The action is to recover a balance alleged to be due on an account for certain gasoline and kerosene oil furnished the defendant between September 3, 1888, and December 2, 1889. There is a bill of particulars annexed to the complaint, and made a part of it, which shows the number of barrels furnished and the quality of oil in each barrel; also the amount and description of oil sold, and the price per gallon, together with the total amount of oil so sold, and the price per gallon, during the period, and the sum the

defendant agreed to pay for the same.   After crediting the defendant with payments made, and allowing rebates on the oil sold, the plaintiff claims a balance due on the account of $650.29, for which sum judgment is demanded. The defendant filed an answer, which, in effect, admits that the quantity of kerosene oil and gasoline set out in the bill of particulars was purchased, but alleged that there was an agreement between him and the plaintiff that there was to be allowed a greater rebate on the oil than had been given him.

The cause was referred to a referee to try and determine, and the defendant asked and obtained leave before the referee to file an amended answer so as to set up the defensive matter in the original answer by way of counterclaim; still alleging in such amended answer that, under the agreement, the defendant should have been allowed, on the account with the plaintiff, a rebate or deduction of two cents per gallon on the amount of oil charged in the bill of particulars for kerosene which was purchased in bulk, whereas the plaintiff had allowed him a rebate of only one half a cent per gallon on such oil, and had charged at least a cent more per gallon than the market price on a specified number of gallons of gasoline and kerosene sold, on which the plaintiff had not allowed the proper amount of rebate per gallon according to the terms of the alleged agreement. To this answer the plaintiff filed a reply to the counterclaim, alleging that in the month of March, 1889, it was agreed by the parties that the rebate on bulk oils, and on all oils purchased by the defendant of the plaintiff, should be one half a cent a gallon, and that this had been allowed the defendant in the account; and also that on January 11, 1890, the parties agreed upon the further rebate on the oil purchased of a given sum, which, being deducted from the amount claimed to be due on the account, left the sum of $473.65 still due, which the plaintiff was willing to accept in full discharge of its claim against the defendant.

We think there was no error in allowing the amended answer or the reply thereto. In various ways the objection was taken that the plaintiff had no right to set up and prove this agreement or settlement as to the amount of rebate which should be allowed the defendant on the oil furnished. It is insisted that it is equivalent to setting up a new cause of action in the reply, which was not mentioned or referred to in the complaint, and was inconsistent with the cause of action there counted on; in other words, it is said that the reply is really founded on an account stated, which is different from the original cause of action, which was upon an unliquidated account. We do not so understand the object or scope of the pleadings. The matter stated in the reply was doubtless intended to meet this case. The evidence introduced on the trial conclusively proved that there was an understanding or agreement between the parties that there should be a rebate allowed on the oil purchased, but the amount of such rebate per gallon was left, as the testimony tends to show, open for further negotiations. At all events, we are satisfied from the evidence that the minds of the parties did not meet, and that there was no precise agreement as to what the rebate should be. The defendant claimed he was to have the rebate allowed which was set up in his answer. The reply states that the rebate to be allowed was a different rate on the oil per gallon, and, finally, the replication states that the parties agreed as to what the amount of the rebate should be. This, as we have said, was a matter which the parties, according to the plaintiff's evidence, had not fixed by the contract, but had left open for further negotiations. So what the reply stated amounted to nothing more than an allegation that the original contract as to the rebate had been agreed upon and determined; in other words, that a condition in the contract which had been left open had been supplied, and the contract in that regard was complete. This is the nature of the matter set up in the reply, and it

does not go upon an account stated, as defendant's counsel assumes it does. It is more in the nature of a deliberate admission by the defendant as to what the rebate should be. The matter had been in dispute as to the rate of rebate which should be allowed, and the parties met and agreed as to what it should be. This was consistent with the cause of action stated in the complaint, which was for the amount due on the account. Suppose there had been a dispute as to the amount paid on the account at a given time, and the defendant had alleged that it was a given sum, could not the plaintiff show, if such were the fact, that the parties had agreed as to what the precise sum was, without departing from the cause of action counted on in the complaint? It seems to us it might, and the question before us is analogous in principle to the case supposed.

These remarks are sufficient to show that the decision of *Campbell v. Mellen*, 61 Wis. 612, is not in point. The plaintiff does not attempt to recover upon an account stated and adjusted. That is not the theory of the action. It is manifest that the parties did not so understand the cause on the trial, for the testimony on both sides was not limited to proving or disproving a settlement. The cause was litigated upon the merits as to what rebate should be allowed under the circumstances.

The referee found, in effect, from the testimony, that there was no precise agreement as to what the rebate should be after March or April, 1888, and the circuit court substantially affirmed that finding. We think the finding well sustained by the evidence. The circuit judge in effect says that at the conversation in March and April, 1888, mention was undoubtedly made as to future cases of oils purchased by the defendant from plaintiff, yet it cannot be found from the transaction had that it amounted to an agreement as to the difference in price of bulk and barrel oil. The defendant, no doubt, had in mind this difference in price of bulk

oil and barrel oil in his prior dealings; yet it does not appear from his testimony that this difference should be maintained as to future purchases, while on the part of the plaintiff it appears positively that they at no time during such transactions contemplated that such difference between the price of bulk and barrel oil should be adhered to in the future. The judge further adds: "As to rebates, nothing definite was shown to have been determined upon prior to January, 1890, except that the plaintiffs should allow defendant as liberal a rebate as the market would permit. I therefore think that the plaintiff's last offer of rebate, made in January, 1890, should be allowed as found by the referee."

The correspondence had between the parties satisfactorily shows that there was no definite agreement entered into in the spring of 1888 as to the amount of rebate which should be allowed on future purchases. In the letter of November 5, 1889, the defendant writes to the president of the plaintiff company as follows: "There seems to be a serious difference between us as to the price to be paid for your supply of oils, etc. The basis on which I was supplied by your company, prior to your establishing yourselves in this city, was two and one-half cents a gallon less than the current values for barrel oils. The expressed understanding, at about the period of transfer, as to rebate from your regular list for this market, was that I should not be served to any disadvantage, as compared with former basis,— possibly a little better,— and I have not seriously concerned myself as to that matter since. . . . Considering the current quotations, from time to time, for both barreled and bulk oils, prices for barrel, transportation, etc., it appears to me that my claim for $1\frac{1}{2}$ cts. a gal., special and exclusive rebate from your prices for bulk oils, and $\frac{1}{2}$ a ct. a gallon on gasoline and oils in barrel, were really a moderate demand, and a liberal deal for your company." This very clearly shows

P. C. Hanford Oil Co. vs. Findlay.

that differences existed in respect to rebates, and the matter was adjusted by the parties in January, 1890. We do not now perceive any valid objection to proving these facts, as was done under the pleadings in the case. The referee and court found that, at the time, the parties agreed what rebate should be made on the oils purchased, and fixed it at three quarters of a cent upon bulk oil, and one half a cent upon all oils in barrels; that the defendant then agreed to accept a draft for the amount of $473.65, as the amount justly due upon the account, after deducting the rebates which had been agreed upon. No good reason is shown why the parties should not abide by this adjustment, or why the defendant should not pay the amount then found due. We certainly think there was no error on the part of the court in rendering a judgment in favor of the plaintiff for that amount upon the facts shown.

The learned counsel for the defendant vigorously assails the finding of the referee and the court, in that it was found there was an agreement on the part of the defendant to pay such price for the goods purchased as the plaintiff might fix. He says that this finding is wholly unsupported by the evidence. Whether it is or not we deem it unnecessary to inquire, in view of the fact that the parties agreed upon the amount due on the account, and this is decisive of the matter.

Upon the whole record, we find no reversible error, and the judgment of the circuit court must therefore be affirmed.

*By the Court.*— Judgment affirmed.