## The Midland Steel Company et al. v. The Citizens National Bank of Kokomo.

[No. 3,062. Filed January 9, 1901.]

Bills and Notes—*Execution by Corporation.—President's Signature.*—In an action on a promissory note by an indorsee thereof against a corporation it appeared that the name of the corporation was printed at the head of the note and that the note was signed by an individual with the word "President" following the name. The complaint alleged that the person who signed the note was president of the corporation; that the note was executed for a debt of the corporation; that in its execution the corporation adopted its corporate name printed at the head of the note and the name and official title of its president written at the bottom as its signature, and after its execution treated the note as its own, and that it was put in circulation, sold and indorsed to the plaintiff as the note of the corporation, and that he purchased it for a valuable consideration. *Held,* That the note was not such as to require the court to presume that it was the individual obligation of the person who signed it, and that the complaint stated a cause of action. *pp. 72-74.*

Pleading.—*Departure.—Reply Must Follow Complaint.—*A reply cannot amend the complaint, and should not in any material matter depart from the cause of action set out therein with regard either to the facts or the parties: *p. 78.*

Same.—*Departure.—Reply Setting Up Foreign Law.—*A change from the assertion in the complaint of a cause of action under the common or general law to a reliance in the reply upon a statute giving a particular or exceptional right constitutes a departure, and where the complaint declared generally upon a promissory note not governed by the law merchant to which a defense as against the original payee was pleaded, and the reply set up the fact that the note was executed and payable in another state, and that under a statute of that state and decisions of its courts the note was commercial paper and not subject to any defense in the hands of plaintiff because he was an innocent holder for value, such reply constituted a departure and was bad on demurrer. *pp. 77-84.*

Same.—*Testing by Demurrer.—*A pleading which is tested by a demurrer must stand or fall by its own averments, and can find neither weakness nor strength from other parts of the record. *p. 84.*

Same.—*Curing Error.—Special Finding.—*Error in overruling a demurrer to a reply which is a radical departure from the complaint cannot be cured by a special finding of facts and correct conclusions of law thereon. *p. 84.*

From the Henry Circuit Court.  *Reversed.*

*J. W. Ryan, W. A. Thompson, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellants.

*M. E. Forkner, J. C. Blacklidge, C. C. Shirley, C. Wolf, R. Warner,* and *A. W. Brady,* for appellee.

WILEY, J.—The appellee, as indorsee, sued appellant the Midland Steel Company and others upon the following note: "The Midland Steel Company.  $2,000.  Muncie, Ind., April 23, 1896.  Four months after date we promise to pay to the order of the Muncie Land Company $2,000. Value received, negotiable and payable without defalcation or discount at the Union National Bank,. Pittsburgh, Pa., with interest at six per cent. per annum from date.  R. J. Beatty, President.  $2,000."

The judgment, as affirmatively appears from the record, was rendered upon the second paragraph of the complaint, and hence it is the only one we need notice here.   This paragraph avers that appellant steel company executed to the Muncie Land Company the note in suit; that when said note was executed, Ross J. Beatty was the president of appellant steel company, and that said company was a duly organized corporation.   That when said note was executed, and before and afterwards, said company was in the habit of executing contracts and promissory notes upon a blank form furnished by said company and in the name and style of R. J. Beatty, president, said notes bearing across the face thereof in large type the words "Midland Steel Company", so printed upon the face of said forms to indicate that the real obligor was said Midland Steel Company.   That said note, after its execution, was treated by said company as its own and was understood to be the obligation of said company by its board of directors, officers, and other persons connected therewith, and was put in circulation, sold, transferred, and indorsed to appellee as the note of the Midland Steel Company, the debt for which the same was executed being the debt of said company.   That in the execution of said note said company

adopted the words "The Midland Steel Company" as printed upon the face thereof together with the words "R. J. Beatty, President," as its signature, intending that the name "R. J. Beatty, President," should refer to and include as a part of said signature the printed words "The Midland Steel Company."

The complaint also avers that before the maturity of said note and for a valuable consideration, and in the due course of business, appellee purchased said note from the original payee, the Muncie Land Company, and that said company indorsed the same in writing to appellee. That said note was duly presented for payment at the bank designated therein; that payment was refused, and that the same was duly protested on the 24th of August, 1896. Copies of the note, the indorsement and protest are filed as exhibits.

Appellant answered in three paragraphs, to the second and third of which a demurrer was overruled. Appellee replied in three paragraphs to the second and third of which a demurrer was overruled. Trial by the court, and upon proper request the court made a special finding of facts and stated its conclusions of law thereon. The conclusions of law were favorable to appellee, and judgment was rendered thereon for the amount of principal and interest due on the note. Appellant excepted to the conclusions of law and moved for a new trial, which motion was overruled.

The errors assigned are the overruling of the demurrer to the second paragraph of the complaint, the overruling of the demurrer to the second and third paragraphs of reply, the overruling of the motion for a new trial, and that the court erred in each of its conclusions of law.

In the recent decision of the Supreme Court in the case of *Second Nat. Bank* v. *Midland Steel Co.*, 155 Ind. 581, the same question was presented as to the sufficiency of the complaint as presented by the record now before us. The note sued on there was identical to the one upon which this action is founded, as to date, amount, terms, place of pay-

ment, and signature, except as to the time of its maturity. In that case it was averred that the note sued on was the note of the Midland Steel Company executed in the name of R. J. Beatty, president, and that the sole consideration of said note was a debt then due and owing by said company to the Muncie Land Company. The court in that case, by Dowling, J., reviewed many authorities, and in an able and exhaustive opinion held that the form of the instrument sued on was not such as to require the court to presume that it was the obligation of R. J. Beatty, and that extrinsic evidence was admissible to explain the instrument and to show that it was intended and understood by the parties to be the note of the Midland Steel Company. Upon the authority of that case, the second paragraph of the complaint in this case states a cause of action, and we so hold. There was no error in overruling the demurrer to it.

Our attention is next called in argument to the action of the court in overruling the demurrer to the second and third paragraphs of reply. It is important, before taking up the sufficiency of the reply, to notice briefly the answer of appellant. While the answer is very lengthy, we can group its salient and important features into a few words. It is averred that appellant is a corporation organized under the laws of this State for a specific purpose, viz., to manufacture and sell certain iron and steel products. In the body of the answer the articles of association are set out in full. It is averred that it has been engaged in the business for which it was organized, and has not been engaged in any other or different business. It is also averred that the Muncie Land Company, the original payee of the note in suit, is also an Indiana corporation, and that it was organized to buy and sell real estate, etc. The answer pleads §3858 Horner 1897, which prohibits a corporation from using its funds in the purchase of stock in any other corporation except upon the written consent of all the stockholders of the company desiring to purchase said stock and the written

consent of all the stockholders of the corporation in which stock is sought to be purchased. It is averred further that Ross J. Beatty, who was interested in organizing and promoting the appellant company, was induced by the promoters of the Muncie Land Company to subscribe for a large block of stock in said company for and on behalf of the steel company, and that to avoid the provision of the statute above cited, they informed him that he could subscribe for said stock in his name as trustee for said steel company. That in pursuance thereof he did subscribe for such stock in the sum of $15,000 by, on, and in the name of "R. J. Beatty, Trustee". That after said subscription, appellant company was duly incorporated, and said Beatty became its president and has ever since held that office. It is also averred that said Beatty is the general manager of appellant company. It is averred also that said Beatty was never appointed by said company or its stockholders trustee to subscribe for the purchase of said stock, and that said subscription was never approved or ratified by said company or its stockholders, and that the stockholders never consented in writing that said Beatty should subscribe for said stock. That before the execution of the note sued on, there had been paid upon said stock, out of the funds of appellant, the sum of $9,000, but that the stockholders never consented that the funds should be so used, nor did they ratify such acts. That at the time said notes were executed, appellant was not indebted to the land company, except that said balance of $6,000 of said subscription to its capital stock was unpaid, and that the note sued on and other notes aggregating $6,000, were executed by it in the name of R. J. Beatty, president, and that said land company well knew all of said facts. There was a third paragraph of answer, but we need not refer to it further, for it sets up the same facts substantially as the second.

It is the theory of appellant that the note sued on under the allegations of the second paragraph of the complaint is

not commercial paper under the law of this State, as it is not payable at a bank in this State, and hence was subject to any defense, even in the hands of a *bona fide* holder for value, that the law would authorize as between the original payee and the maker. Upon this theory the answer of appellant was good, for it showed a perfect defense to the note. To meet this answer, appellee sought in its reply to avoid the defense pleaded.

The second paragraph of reply avers that appellee purchased the note for value, before maturity, in the due course of business and without any knowledge of the facts set up in the answer; that Beatty was president of appellant company when the note was executed; that it was executed as the note of appellant as an evidence of a debt then due the land company; that the consideration moved to and was received by appellant; that Beatty was authorized to and did execute the note as the note of the steel company in the transaction of its business. The reply then pleads a statute of Pennsylvania in force since April 5, 1849, relating to the execution and negotiability of notes, etc., and sets out the statute relied upon in full. That statute is as follows: "All bills of exchange, drafts, orders, checks, promissory notes or other instruments, in the form, nature or similitude thereof, that shall or may hereafter be made, or be drawn or indorsed to order within this commonwealth upon any person or persons, body politic or corporate, co-partnership, firm or institution of or in, or that shall be made payable in any other state, territory, country or place whatsoever, for any sum or sums of money with the current rate of exchange in Philadelphia, or such other place within this commonwealth, where the same may bear date, or in current funds or such like qualifications superadded, shall be held to be negotiable by indorsement, and recoverable by the indorsee or indorsees, in his, her or their own name or names, in the same manner, to all intents and purposes, as bills of exchange and promissory notes, formally drawn and ordinarily in use and nego-

tiable within this commonwealth, are now by law recoverable therein." 1 P. & L. Dig. p. 345, §1.

It is further averred that the supreme court of Pennsylvania in construing said statute and passing upon and adjudging questions touching the negotiability of promissory notes payable in said state has construed and held the law to be in said state that an indorsee, in good faith, of a promissory note, such as the one sued upon, holding the same without any knowledge of equities or defenses, etc., or matter growing out of the original transaction concerning which the same was executed, takes such note free of and discharged of all equities growing out of transactions between the original parties. It is also averred that the supreme court of Pennsylvania aside from said statute has held and declared to be the law of that state, and which is now the law, that the indorsee and holder in good faith, of a note such as the one in suit, takes the same discharged of all equities and defenses growing out of the transaction between the original parties to its execution, and who has no knowledge of the matters pertaining to the transaction between the original parties. It is further averred that it has been and still is the law of Pennsylvania, and so decided by the supreme court of said state, that a promissory note payable to order or bearer is and at all times has been negotiable and payable according to the rules of the law merchant and the statute of Anne in aid thereof. The third paragraph of the reply is substantially like the second, except it does not plead the statute of Pennsylvania.

Counsel for appellant vigorously attack these two paragraphs of reply upon different grounds, but their main argument is directed against them upon the ground that they are bad because of departure. It is urged that the second paragraph of the complaint does not state a cause of action on the theory that the note sued on is commercial paper, in that the note, being payable in a foreign state, the law of that state, if it made such note commercial paper,

must of necessity have been pleaded in the complaint, and it would not do to rely upon its being negotiable under the law merchant, because it is not. After an answer had been filed which was good as a defense against the note sued upon, under the averments of the complaint, appellee sought to meet the barrier against a recovery thus raised, by pleading in its reply the statute of Pennsylvania, which made the note negotiable as a bill of exchange, and thus strengthening its cause of action by its reply. It is maintained with much force, ability, and plausible argument, that this cannot be done. We think the rule of pleading on the question of departure, relative to a reply, may be stated as follows: A reply should aid and strengthen and fortify the complaint in all of its essential allegations, but it cannot amend the complaint, and should not in any material matter depart from the cause of action set out therein with regard to either the facts or the parties. 18 Ency. Pl. & Pr. 659.

In the case of *Yeatman* v. *Cullen,* 5 Blackf. 240, the action was in the usual form upon a promissory note by the assignee against the maker. The latter pleaded by way of answer that the note was given without consideration, and was obtained by fraud and misrepresentation. By reply, the assignee of the note pleaded a statute of Ohio, where the note was made, under which statute the defense interposed was not admissible. It was held that the reply was a departure. Judge Blackford, speaking for the court, said: "There is one objection to the replication in question which is fatal to it on general demurrer. That objection is, that it is a departure from the second count which it professes to support, and to which the special pleas are pleaded. In that count the plaintiff must be considered as relying on the statute of this State, because he has brought his action here, and sets out no other law; but in the replication he changes his ground, and relies on the statute of Ohio. That is a departure in pleading. He deserts in his replication the ground, in point of law, on which the second count

rested the cause; which is as much a departure, as if he had changed his ground in point of fact. 3 Coke's Inst. 346; 1 Chitty's Pl. 682; Stephens on Pl. 413. The plaintiff should have shown in the second count, as well as in the first, the statute of Ohio, under which the note was made."

In *Wells* v. *Teall,* 5 Blackf. 306, it was held that if the replication desert the ground in point of law on which the declaration rested the cause, it was a departure. The case of *Will* v. *Whitney,* 15 Ind. 194, is directly in point. In that case, the plaintiff was the assignee of the note sued on. The defense pleaded was a set-off. The reply set out a statute of Ohio which brought the note within the rules of the law merchant, and hence cut off the defense pleaded. The court said: "'The suit, we have seen, was upon a promissory note made in Ohio, but containing no special stipulation to bring the contract within a particular statute. The note, upon its face, made a good cause of action under the general law of Indiana.   *   *   *   If the reply was objectionable as a departure, it was because it did not support the cause of action. Such being the case, it would seem that a departure would be ground of demurrer; for the reason that the reply, founded on it, would not contain facts legally sufficient to avoid the defense. Perkins' Prac. 236. But was the reply a departure? Such was the decision of this court under the former system of practice." Citing, *Wells* v. *Teall,* 5 Blackf. 306. "If there was any reason or law in the rule under the old system, we think there is equally as much under the new. The plaintiffs, instead of replying the law of Ohio, should have amended their complaint."

In 6 Ency. Pl. & Pr., 461, it is said: "The office of a replication or reply is to meet the allegations of the plea or answer, and it cannot, in ordinary cases, introduce, as a basis for affirmative relief, matter enlarging the grounds upon which recovery was originally sought."

It has been held in an action to enjoin the collection of an assessment for the construction of a turnpike, on the grounds that lands liable to assessment have been omitted, where an answer is filed setting up a corrected assessment, that it was a departure for the plaintiff to reply that lands of the plaintiff and other lands within the taxing district or limit were improperly described. *Hopkins* v. *Greensburg, etc., Co.,* 46 Ind. 187. In deciding the case, the court said: "The complaint opposed the collection of the assessments on the ground that part of the lands within the taxing limits had been omitted from the list. The reply abandons the ground on which the case was put in the complaint, and attempts to put it on a new ground. This is a departure in pleading, and cannot be allowed. Whether the departure be in point of fact or of law, it is equally fatal to the reply, and the objection to the pleading is properly presented or taken by demurrer."

In the case of *Haas* v. *Shaw,* 91 Ind. 384, 46 Am. Rep. 607, appellants sued appellees as partners for goods sold and delivered. Appellee Eliza L. Shaw plead coverture as a defense. Appellants replied that the personal property described in the complaint sold and delivered by them to appellees was sold and delivered "on the sole and separate account" of Eliza L. Shaw. It was held that the reply was a radical departure from the complaint, and that the reply was bad on demurrer.

In *McAroy* v. *Wright,* 25 Ind. 22, the complaint charged the acceptance of goods purchased to have been procured by the fraudulent representations of the seller, without examination of the buyer. The seller answered denying the fraud, and alleged that the buyer had examined the goods and had full knowledge of their quality. The buyer replied admitting an examination of the goods by him and knowledge of certain facts indicating certain defects complained of, but averred that he relied upon the seller's representations and that he had subsequently promised to pay the

damages claimed. It was held that the reply was a departure. The court said: "This [the reply] admits away the case made by the complaint, and makes a new case, bottomed upon a different fraud, and, also a promise to pay."

*Burtch* v. *State,* 17 Ind. 506, was a suit on an administrator's bond given by him on an application to sell real estate, to recover the proceeds of the land sold. The answer alleged that the administrator in his lifetime fully paid and accounted for all proceeds of the sale except $892, which the defendant as surety had since paid in full. In the reply it was averred that after the payment of said alleged balance by the surety, a further accounting took place in the court of common pleas, and it was adjudged that the administrator was found to be in arrears over and above said supposed balance in the sum of $1,125. It was held that the reply was a departure, as the money therein sought to be recovered was not shown to have been of the proceeds of the real estate sold, for which only the surety was liable.

In *Union Pacific R. Co.* v. *Wyler,* 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, appellee had been an employe of appellant and brought an action against the company based upon the general law of master and servant, to recover for an injury which occurred to him in Kansas, while on duty there. Subsequently he amended his petition, which changed the nature of the claim, and based it upon a statute of Kansas, giving an employe in such a case a right of action against the company in derogation of the general law. The court held that it was a departure in pleading and set up a new cause of action, and that as the action was barred by the statute of limitations when the amended petition was filed, there could be no recovery. See, also, *Bolton* v. *Georgia, etc., R. Co.,* 83 Ga. 659, 10 S. E. 352. In that case it was held that where a party commences his action and relies upon his common-law right, he cannot amend his common-law declaration by setting out

the statute, and rely upon that for his right to sue and for his recovery.

Other applications of the general principle under review may be found in the cases of *Bower* v. *Thomas,* 69 Ga. 47; *Nance* v. *Thompson,* 1 Sneed. 321; *Nashville, etc., R. Co.* v. *Foster,* 10 Lea 351; *Thomas* v. *Fame Ins. Co.,* 108 Ill. 91; *Roberson* v. *McIlhenney,* 59 Tex. 615; *Martin* v. *Young,* 85 N. C. 156; *Guild* v. *Parker,* 43 N. J. L. 430; *Hiatt* v. *Auld,* 11 Kan. 176; *North Chicago, etc., Co.* v. *Monka,* 107 Ill. 340.

In *Union Pacific R. Co.* v. *Wyler, supra,* the Supreme Court by Mr. Justice White, said: "The most common, if not the invariable, test of departure in law, as settled by the authorities * * * is a change from the assertion of a cause of action under the common or general law, to a reliance upon a statute giving a particular or exceptional right."

When measured by this test, the appellee's reply is fatally defective. It sued upon a promissory note not governed by the law merchant. In its complaint it relied upon the general law to grant the relief demanded. The note sued on, although in the hands of an assignee for value, was, under the complaint, subject to all equities and defenses that existed between the original maker and payee. Appellant in its answer pleaded facts which would bar a recovery. This fact was recognized by appellee, for it sought to avoid the effect of the answer by replying a foreign statute and the decisions of a foreign court under it, by the provisions of which statute and the decisions of such court, the note sued on was made commercial paper, and which was not subject to the defense pleaded, the note having passed to an innocent purchaser for value and without notice of existing equities and defenses, before maturity. The statute pleaded gave an exceptional and particular right which was denied appellee under the general law invoked by its complaint, and hence the reply created a new cause of action,

and was a departure. This rule has been followed in many of the states of the Union and by the federal courts. See, *Hite* v. *Wells,* 17 Ill. 88; *Marder* v. *Wright,* 70 Iowa 42, 29 N. W. 799; *Noel* v. *Aron* (Miss.), 8 South. 647; *Savage* v. *Aiken,* 21 Neb. 605, 33 N. W. 241; *Hastings School Dist.* v. *Caldwell,* 16 Neb. 68; *Wilson* v. *Johnson* (N. J.), 29 Atl. 419; *Spencer* v. *Southwick,* 10 Johns. 259; *Sterns* v. *Patterson,* 14 Johns. 132; *Newcomb* v. *Weber,* 1 Cin. Sup. Ct. 12; *Scott* v. *Insurance Co.,* 9 Phila. 266; *Dibble* v. *DeMattos,* 8 Wash. 542, 36 Pac. 485; *Clark* v. *Sherman,* 5 Wash. 681, 32 Pac. 771; *Campbell* v. *Mellen,* 61 Wis. 612, 21 N. W. 864; *Burdell* v. *Denig,* 15 Fed. 397; *Durbin* v. *Fisk,* 16 Ohio St. 533.

In Woollen's Tr. Proc., §2266, it is said: "At common law, a departure took place when, in any pleading a party deserted the ground that he had taken in his last antecedent pleading and resorted to another. Under the code a departure takes place when a plaintiff deserts the ground taken in his complaint and resorts to another." See authorities cited by the author. Under the authorities, it is clear that the reply was a radical departure from the complaint, because by it appellee deserted the ground taken in its complaint and planted itself on another foundation. It wholly abandoned the theory of its complaint, and sought refuge under a new theory. In the face of the answer, it could only recover upon the theory of its reply. Such a shifting in pleading can not be regarded with judicial favor. The demurrer to the reply should have been sustained.

The conclusion we have reached is not seriously combated by counsel for appellee. In fact they have not debated the proposition that the reply is a departure. They seek to avoid the effect of the action of the court in overruling the demurrer thereto by invoking a rule that where there is a full and complete special finding of facts, with a correct statement of the law thereon, appellee is not in a position to

complain of the ruling on the demurrer to the reply. Counsel say that "no available error can be predicated upon the overruling of a demurrer to a bad pleading, where there is a correct statement of the law upon the facts found." Appellee's reply, in point of law, became the real ground upon which it recovered, for, as we have seen, it could not have recovered upon its complaint against the defense in bar set out in the answer. The reply, therefore, became a new cause of action, and, so far as the result is concerned, supplanted the complaint; and yet we must apply to it the office of a reply, and test it by the rules of pleading which have been so clearly defined. In such case we can not believe the rule invoked by appellee can control. The rule is firmly established by the authorities that when a pleading is tested by a demurrer, it must stand or fall by its own averments. It can find neither weakness nor strength from other parts of the record. *Pittsburgh, etc., R. Co.* v. *Moore,* 152 Ind. 345; *Cleveland, etc., R. Co.* v. *Parker,* 154 Ind. 153; *Western Assurance Co.* v. *Koontz,* 17 Ind. App. 54; *Runner* v. *Scott,* 150 Ind. 441; *Cleveland, etc., R. Co.* v. *Jones,* 20 Ind. App. 87; *Western Assurance Co.* v. *McCarty,* 18 Ind. App. 449; *Daly* v. *City of New Haven,* 69 Conn. 644, 38 Atl. 397.

Another rule which is very familiar in this jurisdiction is that a complaint must proceed upon a single definite theory, and that there can not be a recovery except upon that theory. Citation of authorities is unnecessary in support of this rule. This being true, it seems to us that a reply which is such a radical departure from the complaint that it must fall before a demurrer, cannot be cured by a special finding of facts and correct conclusions of law thereon. See *Citizens Nat. Bank* v. *Judy,* 146 Ind. 322; *Burton* v. *Morrow,* 133 Ind. 221; *Boardman* v. *Griffin,* 52 Ind. 101; *Louisville, etc., R. Co.* v. *Renicker,* 8 Ind. App. 404; McKelvey on Com. Law Pl., §264.

In saying this we do not mean to say that the court stated correct conclusions of law, for if we are right thus far that question may be properly left undecided. In our judgment, the overruling of the demurrer to the reply was such a radical departure from correct principles and rules of pleading as to be incurable by subsequent proceedings in the case, and is, therefore, just ground for reversal. This conclusion is a sufficient excuse for leaving other questions presented by the record and discussed by counsel undecided. Judgment reversed, and the court below is directed to sustain the demurrer to the reply and for further proceedings not inconsistent with this opinion.